**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSE IVAN DUQUE** | * **CIVIL ACTION NO.** |
| | * |
| | * **SECTION** |
| **VERSUS** | * |
| | * |
| | * **JUDGE** |
| | * |
| **AUGUSTUS A. RANDAZZO, USA TRUCK, INC. AND ACE AMERICAN INSURANCE COMPANY** | * **MAG. JUDGE** |
| | * |
| | * **JURY TRIAL** |

# NOTICE OF REMOVAL

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA:**

NOW INTO COURT, through undersigned counsel, come Defendants, USA Truck, Inc. and ACE American Insurance Company, who respectfully file this Notice of Removal of the cause from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446. Defendants file this Notice of Removal with full reservation of any and all rights, defenses and objections. In support of this Notice of Removal, USA Truck, Inc. and ACE American Insurance Company state as follows:

## I. INTRODUCTION

1.

The Claimant's lawsuit arises from an alleged September 16, 2019 automobile accident on I-10 in East Baton Rouge Parish, Louisiana in which Claimant, Jose Ivan Duque, claims that he was the passenger in a vehicle that was involved in an accident with a vehicle owned by USA Truck, Inc. and operated by Augustus A. Randazzo, and insured by ACE American Insurance

Company. Claimant alleges that Augustus A. Randazzo, USA Truck, Inc., and ACE American Insurance Company are liable for damages that resulted from that accident.

2.

On September 11, 2020 Claimant, Jose Ivan Duque, filed suit in the 19th District Court for the Parish of East Baton Rouge, State of Louisiana, Docket No. 699596, Division "27" entitled, *Jose Ivan Duque v. Augustus A. Randazzo, USA Truck, Inc., and ACE American Insurance Company,* a copy of which is attached hereto as **Exhibit 1**.

3.

Claimant requested service of the *Petition for Damages* on USA Truck, Inc. through its agent for service of process, the CT Corporation System, and USA Truck, Inc. was served personally on September 24, 2020.

4.

Claimant requested service on Augustus A. Randazzo through the Louisiana Long-Arm Statute. Augustus A. Randazzo has not been served with the *Petition for Damages*.

5.

Claimant requested service of the *Petition for Damages* on ACE American Insurance Company through its agent for service of process, the Louisiana Secretary of State, and ACE American Insurance Company was served personally on September 21, 2020.

## II. DIVERSITY JURISDICTION EXISTS

6.

Claimant, Jose Ivan Duque, is a resident and citizen of the State of Louisiana.

7.

Defendant, USA Truck, Inc., is a corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business in the State of Arkansas and is, therefore, a citizen of the States of Delaware and Arkansas.

8.

Defendant, Augustus A. Randazzo, is a resident and citizen of the State of Florida.

9.

Defendant, ACE American Insurance Company, is a corporation organized and existing under the laws of the state of Pennsylvania having its principal place of business in the state of Pennsylvania. Therefore, ACE American Insurance Company is a citizen of the State of Pennsylvania.

10.

Accordingly, there is complete diversity between all Claimants and all Defendants. As of the date of this filing of this Notice of Removal, Claimant has not named any other Defendants.

11.

As of the date of filing of this Notice of Removal, Claimant has not obtained service of process on Augustus A. Randazzo or any other person from whom USA Truck, Inc. and ACE American Insurance Company must obtain consent for this removal.

## III. THE AMOUNT IN CONTROVERSY IS SATISFIED

12.

La. Code Civ. P. art. 893 specifically prohibits the pleading of the amount of monetary damages sought, and Claimant's *Petition for Damages* does not set forth the specific amount of

damages sought. However, Claimant's *Petition for Damages* did not comply with the Louisiana Code of Civil Procedure. More specifically, the *Petition for Damages* was deficient in that it did not contain a general allegation that the claims were more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by La. Code Civ. P. art. 893.

13.

At Paragraph 3 of the *Petition for Damages*, Claimant, Jose Ivan Duque, claims that he:

> suffered an aggravation and painful injuries to his back, for which he has been receiving treatment and for which he will continue to need treatment in the future. In addition to incurring medical bills past and future, plaintiff has endured and will continue to endure physical pain and suffering, mental pain and anguish, and loss of enjoyment of life. Further he will suffer a loss of earning capacity.

**Exhibit 1**, *Petition for Damages* at para. 3.

14.

On October 2, 2020, counsel for Claimant emailed correspondence to counsel for Defendants informing him that "Mr. Duque had the MRI on Tuesday [September 29, 2020] and the doctor wants to schedule surgery for him." **Exhibit 2**, Correspondence from Claimant's attorney to Defendants' attorney dated October 2, 2020.

15.

On October 9, 2020, Counsel for Plaintiff sent to counsel for Defendant a September 29, 2020 Lumbar MRI report from Metairie Imaging, which states that Claimant has herniated discs at L4-L5 and L5-S1. **Exhibit 3**, 9/29/20 Metairie Imaging MRI Report. On October 9, 2020, Counsel for Plaintiff also sent to counsel for Defendant an October 5, 2020 Surgery Estimate for a 1 Level Microdiscectomy Surgery from Baton Rouge Orthopedic Clinic for $11,664.00 in surgeon fees. The Surgery Estimate does not include the anesthesiology charges or Surgical Specialty Center hospital charges. **Exhibit 4**, Surgical Estimate of October 5, 2020.

16.

Based upon the documents presented by Claimant to Defendants since service of the *Petition for Damages*, it reasonably appears that the damages claimed by Claimant, Jose Ivan Duque, may exceed the sum of $75,000.00, exclusive of interest and costs. Louisiana courts have held that in cases involving Claimants with cervical and/or lumbar surgeries, the damages can be $75,000 and even more. *See*, *Cormier v. Republic Ins. Co.*, 2011-632 (La.App. 3 Cir. 1/18/12), 118 So.3d 16 (Plaintiff who underwent a cervical fusion was awarded $110,000 in general damages, plus $77,781 in past medical expenses and $13,985 in past lost wages); *Venissat v. St. Paul Fire & Marine Ins. Co*., 2006-987 (La.App. 3 Cir. 8/15/2007), 968 So.2d 1063 (A Louisiana Court of Appeal increased a general damages award for cervical disc surgery to $75,000 after holding that amount be the lowest reasonable award for the cervical disc injury requiring surgery.); *Case v. Shelter Ins. Co.*, 2010-302 (La.App. 3 Cir. 10/6/10); 48 So.3d 1196 (A Louisiana Court of Appeal increased a general damages award for lumbar disc surgery to $100,000, finding that amount to be the lowest reasonable award for a lumbar disc injury requiring surgical intervention.)

17.

Based upon the documents presented by Claimant to Defendants since service of the *Petition for Damages*, Defendants aver that the amount in controversy claimed by Claimant, Jose Ivan Duque, exceeds the sum of $75,000.00, exclusive of interest and costs.

18.

In accordance with the foregoing, this is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this court by defendants pursuant to 28 U.S.C. § 1441 in that it is a civil action wherein the matter in

controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

## IV. <u>THE NOTICE OF REMOVAL IS TIMELY</u>

19.

Claimant filed his *Petition for Damages* on September 11, 2020. USA Truck, Inc. was served with the *Petition for Damages* by personal service through its agent for service of process, the CT Corporation System, on September 24, 2020. ACE American Insurance Company was served through its agent for service of process, the Louisiana Secretary of State, on September 21, 2020. Named Defendant, Augustus A. Randazzo, has not been served with the *Petition for Damages*; however, undersigned counsel will represent Mr. Randazzo in the event that he is ever served.

20.

Claimant, Jose Ivan Duque, failed to make a general allegation that the claims were more or less than the requisite amount for federal court diversity jurisdiction, and failed to allege sufficient facts to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, Petitioner is relying upon the "other paper" received from Claimant on October 2, 2020 and October 9, 2020, the correspondence, MRI Report, and Surgical Estimate, to establish the amount in controversy for purposes of removal. These documents presented on October 2, 2020 and October 9, 2020 indicated that Claimant intends to allege that the subject accident caused him to require a surgery.

21.

Accordingly, this Notice of Removal is properly filed within one year of the September 11, 2020 *Petition for Damages* and thirty (30) days of receipt Claimant's correspondence, MRI Report, and Surgical Estimate on October 2, 2020 and October 9, 2020, the first papers from which Defendants could ascertained that the case is removable.

22.

In accordance with 28 U.S.C. §1446 (d), Defendants will provide appropriate Notice of this Removal to the Claimant and to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

23.

Defendants reserve the right to amend or supplement this *Notice of Removal.*

24.

Defendants reserve all rights, defenses, and objections, including, without limitation, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, prescription, preemption, and no cause of action.

**JURY DEMAND**

25.

Defendants are entitled to and request a trial by jury on all issues herein.

WHEREFORE, Defendants, USA Truck, Inc. and ACE American Insurance Company, pray that the action entitled *Jose Ivan Duque v. Augustus A. Randazzo, USA Truck, Inc., and ACE American Insurance Company*, bearing Docket No. 699596, Division "27", pending in the 19th District Court for the Parish of East Baton Rouge, State of Louisiana, be removed from the state court docket to the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

*/s/ Trent P. Roddy*

**GUY D. PERRIER, T.A. #20323**
**TRENT P. RODDY, #29404**
**PATRICK R. SCHMIDT, #37861**
Perrier & Lacoste, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
gperrier@perrierlacoste.com
troddy@perrierlacoste.com
pschmidt@perrrierlacoste.com
Tel: (504) 212-8820
Fax: (504) 212-8825
**ATTORNEYS FOR DEFENDANTS,**
***USA Truck, Inc. and ACE American Insurance Company***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this **28th** day of **October, 2020**, at their last known address of record.

*/s/ Trent P. Roddy*

TRENT P. RODDY